# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: July 11, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| KATHERINE JINKERSON, | * | |
| | * | |
| Petitioner, | * | No. 18-1355V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Scott W. Rooney,* Nemes, Rooney, P.C., Farmington Hills, MI, for petitioner.
*Sarah B. Rifkin,* U.S. Dept. of Justice, Washington, D.C., for respondent.

### DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On February 6, 2024, Katherine Jinkerson ("petitioner"), filed a motion for interim attorneys' fees and costs. Petitioner Interim Fees Application ("Int. Fee. App.") (ECF No. 75). For the reasons discussed below, the undersigned **GRANTS** petitioner's motion and finds that an award of $69,987.90 is reasonable for interim attorneys' fees and costs.

### I.   Procedural history

Petitioner filed her claim in the National Vaccine Injury Compensation Program[2] on September 5, 2018. Petition (ECF No. 1). Petitioner is alleging that she developed vertigo, labyrinthitis, and possibly a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of receiving an influenza vaccine on October 7, 2015. *Id.*; *see also* Petitioner's Motion for

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

a Ruling on the Record (ECF No. 68).  Petitioner continued to file medical records to support her claim until May 28, 2020.  *See* Petitioner's ("Pet.") Notice of Filing Exhibit ("Ex.") 20 (ECF No. 41).

On January 11, 2021, respondent filed the Rule 4(c) report recommending against compensation.  Respondent ("Resp.") Report ("Rept.").  Respondent recommended against compensation, arguing that the onset of petitioner's labyrinthitis occurred less than 48-hours after vaccination and has provided no explanation for how this is an appropriate timeframe to infer a casual relationship with the flu vaccine.  Resp. Rept. at 8.

Petitioner filed an expert report from Dr. David Axelrod on June 29, 2021, along with supporting medical literature.  *See* Pet. Exs. 35-36.  Respondent filed an expert report from Drs. Mehrdad Matloubian and Yu-Lan Mary Ying.  Resp. Exs. A, C (ECF Nos. 61 & 62).  I held a status conference on Thursday, February 10, 2022.  The following day, petitioner filed a status report stating that she had transmitted a demand to respondent and confirmed that she "had no treatment for migraine headaches prior to the vaccination at issue."  Pet. Status Rept. (ECF No. 64).

On May 16, 2022, after failing to resolve this case informally, the parties filed a joint status report and requested that the Court set a briefing schedule to consider the case on record.  Joint Status Rept. (ECF No. 65).  A briefing schedule was set and on October 12, 2022, petitioner filed a motion for a ruling on the record.  Pet. Mot. for Ruling (ECF No. 68).  Respondent filed a response to petitioner's motion on December 12, 2022.  Resp. Response (ECF No. 69).  Petitioner filed a reply brief on January 4, 2024.  Pet. Reply (ECF No. 71).

On February 2, 2024, petitioner filed this motion for interim fees, requesting that her attorney be reimbursed for a total of $69,987.90 in attorneys' fees and costs.  Pet. Int. Fee App. at 3.  Respondent filed a response to petitioner's interim fee request on February 20, 2024, stating, "Should the special master be satisfied that the reasonable basis and interim fee standards are met in this case, respondent respectfully recommends that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs."  Resp. Response to Int. Fee App. at 5.

Petitioner did not file a reply to respondent's response.  This matter is now ripe for adjudication.

## II. Entitlement to attorneys' fees and costs

### A. Legal standard

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation.  §15(e)(1)(A)-(B).  Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought."  § 15(e)(1).  The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a

competent bar to prosecute their claims." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012).

Petitioners act in "good faith" if they filed their claims with an honest belief that a vaccine injury occurred. *Turner v. Sec'y of Health & Human Servs.,* No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). In this case, petitioner's medical records indicate that she had an honest belief that the influenza vaccine she received caused her medical issues and continued to associate those issues to the flu vaccine to numerous treating physicians. *See e.g.* Pet. Ex. 13 at 4; Pet. Ex. 18 at 27. Thus, petitioner has satisfied the good faith requirement.

To receive an award of fees and costs, a petitioner must also demonstrate the claim was brought with a reasonable basis through objective evidence supporting "the *claim* for which the petition was brought." *Simmons v. Sec'y of Health & Human Servs.,* 875 F.3d 632 (Fed. Cir. 2017); *see also Chuisano v. Sec'y of Health & Human Servs.,* 116 Fed. Cl. 276, 286 (2014) (citing *McKellar v. Sec'y of Health & Human Servs.,* 101 Fed Cl. 297, 303 (2011)). Petitioner filed accompanying medical records to support her petition, in addition, to filing reports from an expert to support her claim for vaccine causation. As such, I find that there is reasonable basis to award petitioner reasonable interim attorneys' fees and costs.

### B. Interim awards

The Vaccine Act permits interim attorneys' fees and costs. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010). In *Shaw,* the Federal Circuit held that it was proper to grant an interim award when "the claimant establishes that the cost of litigation has imposed an undue hardship." 609 F.3d at 1375. In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." 515 F.3d at 1352. I do not routinely grant interim fee applications. I generally defer ruling on an interim fee application if: the case has been pending for less than 1.5 years (measured from the date of filing); the amount of fees requested is less than $30,000; and/ or the aggregate amount of expert costs is less than $15,000.00. If any one of these conditions exists, I generally defer ruling until these thresholds are met or until an entitlement hearing has occurred. These are, however, only informal requirements, and there are ultimately many factors bearing on the merit of an interim fee application. I evaluate each one on its own merits.

This case has been pending since 2018, although petitioner's filing of medical records was not complete until 2020. The amount of attorneys' fees requested by petitioner exceeds $30,000.00 and the expert costs associated with this case also exceeds $15,000.00. While the parties have requested that this case be considered without a hearing, considerable time has gone into the briefing, which included a reply brief. Further, the experts in this case have provided their opinions in 2021 and they will not be testifying at a hearing, thus not reimbursing petitioner's counsel for these costs would continue a financial hardship to petitioner's counsel. Accordingly, I find that an award of interim attorneys' fees and costs is appropriate at this time.

### III. Reasonable attorneys' fees and costs.

#### A. Legal standard

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348. Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

The petitioner "bea[rs] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson*, 24 Cl. Ct. at 484. Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484, n. 1. Counsel "should make a good faith effort to exclude from a fee request hour that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

#### B. Hourly rate

The interim fee decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon an individual's experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates. The Attorneys Forum Hourly Rate Fee Schedules for 2018-2023 can be accessed online.

Petitioner requests that her attorney, Mr. Rooney be compensated at an hourly rate of $300.00 per hour for work performed in 2018-2020; an hourly rate of $400.00 per hour for work performed in 2021-2022, and an hourly rate of $500.00 per hour for work performed in 2023. Int. Fee App. at 2. These rates, which are included in petitioner's motion are consistent with what Mr. Rooney has been approved in the past, however, his billing statement reflects rates that are inconsistent with the proposed rates. For example, the billing sheet in Exhibit 2 notes that petitioner's counsel charged $700.00 for two hours of work performed in 2019. *See* Int. Fee

App., Exhibit 2 at 5.  Later in the billing sheet Mr. Rooney is charging $350.00 per hour for work performed in 2020, which exceeds the proposed rate of $300.00 per hour.

While I will not reduce Mr. Rooney's hourly rate because he has been awarded these rates in the past and are consistent with OSM's Attorneys' Fee Schedule, it is imperative that he submit accurate motions and billings sheets that reflect the appropriate rate he is billing to the Vaccine Program. *See Heil v. Sec'y of Health & Human Servs.,* No. 19-109V, 2022 WL 3639431, at *2 (Fed. Cl. Spec. Mstr. July 22, 2022) (finding that rates of $350.00 per hour for 2018; $375.00 per hour for 2019-2020, and $400.00 per hour for 2021 is consistent with what Mr. Rooney has been awarded in the past).

### C. Hours expended

A line-by-line evaluation of the fee application is not required and will not be performed. *Wasson*, 24 Cl. Ct. at 484.  Rather, I may rely on my experience to evaluate the reasonableness of hours expended.  *Id.*  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests …. [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

Petitioner has submitted a billing statement from her attorney.  The billing record provides the dates, descriptions of the tasks performed, the requested rate, and the time expended on such tasks. Int. Fee App., Ex. 2.  Based on my experience and my familiarity with the work performed in this case, the hours expended on this case appear to be reasonable.  Thus, petitioner's request for interim attorneys' fees will be awarded in full.

### D. Attorneys' costs

Like attorneys' fees, costs incurred-by counsel or petitioners themselves-must be reasonable to be reimbursed by the Program.  *Perreira*, 27 Fed. Cl. Ct. 29, 34.  Petitioner is requesting a total of $38,662.90 in attorneys' costs.  Int. Fees App. at 2.  Some of these costs include obtaining medical records, postage, obtaining medical literature, copies and the filing fee.  These are well documented and routine costs reimbursed to attorneys' in the Vaccine Program.

The bulk of the costs in this matter are associated with the retention of two experts, Dr. David Axelrod and Dr. Hamid Djalilian. Dr. David Axelrod is an immunologist who has experience in the Vaccine Program. *See Jennings v. Sec'y of Health & Human Servs.,* No. 16-779V, 2021 WL 1595723, at *7 (Fed. Cl. Spec. Mstr. Jan. 22, 2021)(finding a rate of $400/hour reasonable for work performed by Dr. Axelrod).  Petitioner is requesting that Dr. Axelrod be reimbursed for a total of $4,800.00, which reflects him reviewing her records, researching, and writing an expert report, at $400.00/hour for 12 hours.  Int. Fees App. Exhibit 3.  Dr. Axelrod's requested fee and hourly rate are consistent with what he has been awarded in the past and the amount of time he expended on this matter appear to be reasonable.  Accordingly, he will be awarded this fee in full.

5

Dr. Hamid Djalilian is an otolaryngologist who is the Director of the Division of Neurotology and Skull Base Surgery at the University of California Irvine Medical Center. *See* Pet. Ex. 48 (ECF No. 56). Dr. Djalilian was retained by petitioner to provide an opinion regarding her diagnosis and vaccine causation. Given the complex nature of petitioner's alleged vaccine injury and that respondent has made petitioner's diagnoses an issue to be resolved by the undersigned, the retention of this type of expert is reasonable and necessary.

Dr. Djalilian is requesting a total reimbursement of $28,519.00 for 51.3 hours of work at a rate of $550.00 per hour in 2021 and $567.00 per hour for work performed in 2022. Int. Fee App., Exhibit 1. Dr. Djalilian submitted on expert report and supporting medical literature on behalf of petitioner in July 2021. *See* Pet. Ex. 48. Petitioner did not submit an additional expert report from Dr. Djalilian, however, his invoice indicates that in September 2022 he reviewed respondent's experts reports and assisted in drafting petitioner's reply to respondent's brief. *See* Int. Fee App., Ex. 1 at 2. He worked a total of 18.4 hours in 2022. *Id.* As this case is being resolved on the record, Dr. Djalilian's assistance in drafting a reply brief is reasonable, given this case involves a complicated diagnostic issue.[3]

### IV.     Conclusion

Based on the above, I find that it is reasonable to compensate petitioner and her counsel in interim attorneys' fees and costs as follows:

| Attorneys' Fees Requested | $31,325.00 |
|---|---|
| (Reduction of Attorneys' Fees) | -- |
| **Total Interim Attorneys' Fees Awarded** | **$31,325.00** |
| | |
| Attorneys' Costs Requested | $38,662.90 |
| (Reduction of Attorneys' Costs) | |
| **Total Interim Attorneys' Costs** | **$38,662.90** |
| | |
| **Total Interim Attorneys' Fees and Costs** | **$69,987.90** |

Therefore, I award the following in interim attorneys' fees and costs:

**A) A lump sum payment of $69.987.90, representing reimbursement for interim attorneys' fees and costs, in the form of a check payable to petitioner and petitioner's attorney, Mr. Scott Rooney of Nemes, Rooney P.C.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

---

[3] Dr. Djalilian's hourly rate was $550.00 per hour for 2021. I find this hourly rate reasonable given his medical specialty, education, and background. This amount was calculated by multiplying $550.00 x 32.9 hours.

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master